IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DILIP BHANA, Individually and
on Behalf of AD INVESTORS, LLC,      PLAINTIFFS/COUNTER–DEFENDANTS

VS.                                  CIVIL ACTION NO. 3:05–CV–585BS

AMRUT PATEL and EASTOVER, LLC      DEFENDANTS/COUNTER–PLAINTIFFS/
                                           THIRD–PARTY PLAINTIFFS

VS.

PRESIDIO HOTEL GROUP, MT
INVESTORS, LLC and TQMT HOLDINGS,
LLC, as successor in interest to
TQ HOLDINGS, LLC                     THIRD–PARTY DEFENDANTS


OPINION AND ORDER

This cause is before the Court on the following Motions:

1.   Defendants' Motion to Dismiss, filed on November 14,
     2005, under docket entry no. 7;

2.   Plaintiffs' Motion to Strike Defendants' Motion to
     Dismiss, filed on November 29, 2005, under docket entry
     no. 9; and

3.   Plaintiffs' Amended Motion for Partial Summary Judgment,
     filed on December 6, 2005, under docket entry no. 16.

Having considered the Motions, Responses, Rebuttals and all
attachments to each, as well as supporting and opposing authority,
the Court finds as follows:

1.   Defendants' Motion to Dismiss is not well taken and
     should be denied;

2.   Plaintiffs' Motion to Strike Defendants' Motion to
     Dismiss is not well taken and should be denied; and

3.   Plaintiffs' Amended Motion for Partial Summary Judgment
     is not well taken and should be denied.

## I.  Factual Background and Procedural History

In 2004, Plaintiff Dilip Bhana and Defendant Amrut Patel
entered into a joint venture to acquire an interest in MT
Investors, LLC ("MT Investors").[1] Initially, Bhana and Patel
planned to form a limited liability company ("LLC") with each to
make a $300,000.00 initial capital contribution. The total
$600,000.00 of contribution proceeds would then be used to purchase
the interest in MT Investors. Bhana however was unable to secure
his $300,000.00 contribution. Instead, on or before May 13, 2004,
Patel made a $600,000.00 contribution to MT Investors on behalf of
a "to-be-formed" LLC between Patel and Bhana. See Exhibit "D" to
Amended Complaint.

On June 9, 2004, Bhana and Patel executed a "Limited Liability
Company Agreement" ("the Agreement"), forming AD Investors, LLC
("AD Investors"). See Exhibit "C" to Amended Complaint. Bhana and

---

[1] MT Investors owned a majority interest in TQMT Holdings, LLC
("TQMT Holdings"), a company that bought and sold hotel property.
Bhana and Patel wanted to purchase an interest in MT Investors as
a means of acquiring an interest in TQMT Holdings. See Exhibit "C"
to the Complaint, ¶¶ 11-15.

Patel were the only members of AD Investors, with each sharing an equal interest in the ownership and control of the company. Id. The Agreement provides that both Bhana and Patel were to each make an initial capital contribution of $300,000.00. Also, pursuant to the Agreement, Patel was entitled to a "preferred distribution" of approximately $600,000.00 with the remaining distributions to be made to Patel and Bhana in proportion to the ownership units held by each.[2]

On July 20, 2004, AD Investors received its first distribution from MT Investors. A check from MT Investors in the amount of $607,200.00 was made payable to AD Investors. See Exhibit "E" to Amended Complaint. In accordance with the distribution terms of the Agreement, Patel received all the proceeds from the first distribution of MT Investors.[3] Approximately one year later, in July 2005, MT Investors informed both Patel and Bhana that MT Investors was prepared to make a second distribution to AD Investors in the amount of $900,000.00. On August 3, 2005, counsel for Patel wrote a letter to MT Investors ("August 3 correspondence") informing MT Investors that Patel had actually made the initial $600,000.00 contribution to MT Investors on behalf

---

[2] As Exhibit "A" to the agreement reveals, both Patel and Bhana own the same number of units.

[3] The check from MT Investors was actually endorsed by Patel, on behalf of AD Investors, to Eastover, LLC ("Eastover"), an LLC owned exclusively by Patel.

of Eastover, not AD Investors, and consequently, Eastover should be listed as a member of MT Investors instead of AD Investors. <u>See</u> Exhibit "F" to Amended Complaint. After learning of Patel's August 3 correspondence, Bhana wrote a letter to MT Investors refuting the proposed changes and urging that Bhana was entitled to half of the $900,000.00 distribution. In light of the dispute between Patel and Bhana, MT Investors now holds the proceeds of the second distribution in escrow.

Aggrieved by Patel's actions, Bhana, individually and on behalf of Ad Investors,[4] filed this diversity action on September 9, 2005, against Patel and Eastover,[5] asserting claims of anticipatory breach of contract, breach of contract, breach of fiduciary duty, tortious interference with contract, and breach of covenant of good faith and fair dealing as well as requesting declaratory and injunctive relief. Plaintiffs filed an Amended Complaint on October 5, 2005. On November 14, 2005, Defendants filed an Answer[6] to the Amended Complaint and contemporaneously

---

[4] Bhana is a resident of Tenessee and AD Investors is a Delaware LLC, with its principal place of business located in California.

[5] Patel is a resident of Mississippi and Eastover is a Mississippi LLC, with its principle place of business in Mississippi.

[6] Defendants filed an Amended Answer on February 7, 2006.

4

filed a counterclaim against Bhana, a third-party claim against MT Investors and other related entities, and an Interpleader action.[7]

On November 14, 2005, Defendants move to dismiss the Amended Complaint on the grounds that Bhana did not make a proper demand upon AD Investors before bringing the suit on behalf of the company and that Bhana is not a proper Plaintiff to bring the suit on behalf of AD Investors. Plaintiffs responded and alternatively filed a Motion to Strike Defendants' Motion to Dismiss on the basis that Defendants failed to submit a memorandum of authorities. Finally, on December 5, 2005, Plaintiffs filed a Motion for Partial Summary Judgment, which was amended on December 6, 2005. In its Amended Motion for Summary Judgment, Plaintiffs contend that Defendants admit in their Interpleader action that the disputed proceeds held by MT Investors are the property of AD Investors. The Court will now consider these various Motions.

## II.  Analysis — Defendants' Motion to Dismiss

Defendants primarily argue that this case should be dismissed because Bhana failed to comply with Delaware law by not making demand on AD Investors before bringing this derivative action on

---

[7] Through the Interpleader, Defendants seek to have the proceeds from the second distribution of MT Investors conveyed to the Court pending the outcome of this matter. The Court however questions Defendants' right to even institute such action. Under both Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1335, the stakeholder, or the party who holds disputed funds, is typically the party who initiates an interpleader action or who answers a claim against it with a counterclaim or cross-claim for interpleader.

behalf of the company. In response, Plaintiffs argue that demand on the company was not a prerequisite to filing suit because demand was futile.

> Del. Code Ann. tit. 6, § 18-1001 provides that
>
> A member or an assignee of a limited liability company interest may bring an action in the Court of Chancery in the right of a limited liability company to recover a judgment in its favor if managers or members with authority to do so have refused to bring the action *or if an effort to cause those managers or members to bring the action is not likely to succeed.*

(Emphasis added). Thus, a member wishing to bring a legal action on behalf of a LLC does not have to make demand on the managers or members of the LLC if demand would be futile. Under Delaware law, demand is considered futile "when a reasonable doubt exists as to whether (a) the mangers or [members] were disinterested or independent, or (b) the challenged transaction was the product of a valid exercise of business judgment." VGS, Inc. v. Castiel, No. C.A. 17995; 2003 WL 723285, *11 (Del. Ch. Feb. 28, 2003) (brackets in original omitted).

The Court finds that demand would be futile under the circumstances at bar. AD Investors is a two-member LLC with both Patel and Bhana sharing an equal interest in the ownership and control of the company. Considering that the contemplated legal action is against one of the two members, a reasonable doubt clearly exists as to whether Patel would be disinterested in deciding to pursue an action against himself. Accordingly, because

demand was futile, Bhana was relieved of the obligation of making demand on AD Investors.

Alternatively, Defendants contend that Bhana did not have standing to bring the suit on behalf of AD Investors because he never made a capital contribution and is therefore not a member of the company. The Court, however, disagrees. The Agreement clearly reflects that Bhana is a member of the company. <u>See</u> Exhibit "A" to Exhibit "C" of Amended Complaint. Whether Bhana ever made the initial capital contribution contemplated in the Agreement has no bearing on his status as a member of the company. Accordingly, Defendants' Motion to Dismiss is not well taken and is denied.

**III. Analysis – Plaintiffs' Motion to Strike Defendants' Motion to Dismiss**

Plaintiffs' move to strike Defendants' Motion to Dismiss because Defendants failed to submit a memorandum of authorities as required by Rule 7.2(D) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi. However, in light of the foregoing analysis, the Motion to Strike is now moot.

**IV. Analysis – Plaintiffs' Amended Motion for Partial Summary Judgment**

Plaintiffs ask the Court to enter summary judgment on the issue of whether AD Investors is entitled to the disputed funds held by MT Investors. Pointing to Defendants' Interpleader action,

wherein Defendants state that "[t]here is no dispute that the money being held by Presidio Hotel Group, TQ Holdings and MT Investors is the property of AD Investors, LLC," Plaintiffs contend that Defendants have conclusively admitted that the funds are the property of AD Investors. See Interpleader, ¶ 3. Also, despite labeling their Motion a "Motion for Partial Summary Judgment," Plaintiffs contend that summary judgment is appropriate on all issues and that the Court should grant all forms of relief requested by Plaintiffs in their Amended Complaint.

Conversely, Defendants argue that the statement in the Interpleader should not be construed as an admission as Defendants were merely asserting an "alternative theor[y] based on facts to be developed through discovery." Defendants' Memorandum in Support of Response to Plaintiffs' Amended Motion for Partial Summary Judgment, p. 3. Defendants also contend that summary judgment is premature as discovery has just begun.

The Court is willing to accept Defendants' Interpleader action as an "alternative pleading" and will therefore not consider the statements made therein as admissions. Further, the Court believes that summary judgment is premature as the litigation of this matter is still in its infant stages. Accordingly, Plaintiffs' Amended Motion for Partial Summary Judgment must be denied.

## IV.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [docket entry no. 7] is not well taken and is hereby denied.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Strike Defendants' Motion to Dismiss [docket entry no. 9] is not well taken and is hereby denied as moot.

IT IS FURTHER ORDERED that Plaintiffs' Amended Motion for Partial Summary Judgment [docket entry nos. 13, 14 & 16] is not well taken and is hereby denied.

SO ORDERED this the 20th day of March, 2006.

                                    s/ William H. Barbour, Jr.
                                    UNITED STATES DISTRICT JUDGE

blj